Dear Ms. Rudd:
On behalf of the Louisiana State Board of Certified Social Work Examiners (hereinafter "the Board") you have requested an opinion from our office on the following issues:
1. May general legal counsel for the Board who advises the Board on matters of law during the course of adjudication hearings subsequently serve in an advocacy role in support of the Board's findings of fact, conclusions of law and sanctions when the licensee seeks rehearing or post-adjudication appellate relief under the Administrative Procedures Act?
2. Would such post-adjudication representation by the Board's legal counsel be prohibited by LSA-R.S. 49:960(A)?
3. Would such post-adjudication representation by the Board's general legal counsel require notice and opportunity for the licensee to participate under LSA-R.S. 49:960(A)?
4. If the Board's general legal counsel provides advocacy in the form of brief writing or oral argument in support of the Board's findings of fact, conclusions of law or sanctions during a post-adjudication appellate relief phase, may the Board's general legal counsel also continue to advise the Board in matters of law in the event the case is remanded to the Board for the taking of additional evidence or other proceedings?
5. After the Board issues its findings of fact, conclusions of law and sanctions, does LSA-R.S. 49:960(A) prohibit it or any of its members from communicating about the issues of fact of law in the case of the adjudication with either its general legal counsel or the Assistant Attorney General who presented the case before the Board under LSA-R.S. 37:2713(B)?
6. Assuming post-adjudication advocacy functions performed by the Board's general legal counsel are not in violation of LSA-R.S. 49:960(A), would such functions interfere with the role of the Assistant Attorney General as contemplated by LSA-R.S. 37:2713(B)?
7. May the Board's general legal counsel and the Assistant Attorney General serve as co-counsel for post-adjudication advocacy in support of the Board's findings of fact, conclusions of law and sanctions during the post-adjudication phase?
You reference LSA-R.S. 49:960(A) as a source of concern for the majority of the issues presented. That provision states:
 Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a case of adjudication noticed and docketed for hearing shall not communicate, directly or indirectly, in connection with any issue of fact or law, with any party or his representative, or with any officer, employee, or agent engaged in the performance of investigative, prosecuting, or advocating functions, except upon notice and opportunity for all parties to participate.
This prohibition on ex parte communications applies only at the administrative level of determination. As defined by LSA-R.S.49:951(1), "adjudication" means agency process for the formulation of a decision or order. Any post-adjudicative action would fall outside the scope of this definition. Therefore, LSA-R.S. 49:960(A) would not apply at the review level.
In response to your first and second questions, the Board's general legal counsel may serve in an advocacy role on behalf of the Board regarding any findings of fact, conclusions of law and sanctions, subsequent to the administrative phase of procedure. However, any rehearing or reconsideration at the administrative level does not receive the same treatment. General legal counsel to the Board should maintain a role separate and apart from that of prosecutor if a rehearing before the Board is granted.
In answer to your third question, any post-adjudication representation by the Board's general legal counsel would require notice as per the pertinent procedural and court rules at the judicial level of review. The Administrative Procedure Act does not provide for special notice requirements at the level of judicial review under LSA-R.S. 49:964.
Should general legal counsel be allowed to advocate on behalf of the Board in post-adjudication, you ask whether that counsel may continue to serve in an advisory capacity in the event that the matter is remanded to the Board for further action. A judicial review of an adjudication is confined to the record of that proceeding. LSA-R.S. 49:964(F). However, LSA-R.S. 49:964(F) also provides that, "[i]n cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court."
In our opinion, should this scenario occur, the reviewing court should be asked what direction the Board should take if general counsel is advocating on its behalf (i.e., whether general counsel should recuse himself on remand based on the additional information received at the review level). Absent this special situation, it is rather difficult to conceive a situation where legal counsel advocating on behalf of the Board at the review level and restricted by those facts and conclusions in the record would be exposed to circumstances where recusal would be necessary on remand. Therefore, as a general rule, general counsel may still serve in an advisory capacity to the Board on a matter remanded from a reviewing court where that counsel advocated on behalf of the Board.
Your fifth question asks whether LSA-R.S. 49:960(A) prohibits the Board members from communicating with either its general legal counsel or the prosecuting attorney after the matter has been adjudicated and findings of fact and conclusions of law are rendered. As stated earlier, LSA-R.S. 49:960(A) only prohibits ex parte communications at the adjudication phase. Adjudication means the agency process for the presentation of a decision or order. LSA-R.S. 49:951(1).
However, if the matter is remanded by an appellate court to the Board for any reason, the matter still qualifies as part of the adjudicatory process. Therefore, while the statutes do not explicitly prohibit communications between the Board members and the Board's legal counsel or prosecuting attorney after a final decision has been made on a matter with the appropriate findings of fact and conclusions of law, it is advisable that all parties avoid ex parte communications until the time delays for appellate review have run or any matter appealed is disposed of by the courts without remand to the Board.
You also ask whether post-adjudicative advocacy by general legal counsel would interfere with the Attorney General's duties pursuant to LSA-R.S. 37:2713(B). In pertinent part, that statute provides that, "[t]he State of Louisiana shall be a party to the prosecution of all such actions and hearings before the board pertaining to the suspension or revocation of a certificate; and the attorney general, or one of his assistants, is hereby authorized and directed to appear in behalf of the state." LSA-R.S. 37:2713(B).
Neither this provision nor any other statute appears to legally prohibit any assistance from general legal counsel to the assistant attorney general in the post-adjudicative level. Whether it would practically interfere with each's duties is not a question that can readily be answered. We do suggest, however, in response to your final question, that should general counsel serve in a post-adjudicative capacity, it be as co-counsel with the assistant attorney general involved in the matter.
I trust this addresses your concerns. Please do not hesitate to contact this office if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb